ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| OFICINA INDEPENDIENTE DE PROTECCIÓN AL CONSUMIDOR EN REPRESENTACIÓN DE LA CONSUMIDOR VILMA PÉREZ REYES<br><br>Recurrida<br><br>v.<br><br>LUMA ENERGY LLC / LUMA ENERGY SERVCO, LLC<br><br>Recurrente | TA2026RA00029 | Recurso de Revisión Procedente de la Oficina Independiente de Protección al Consumidor<br><br>Caso Núm.: NEPR-QR-2025-0323<br><br>Sobre: Incumplimiento con la Ley de Transformación y Alivio Energético, Ley 57-2014, según enmendada, y la Ley de Política Pública Energética, Ley Núm. 17-2019 |

Panel integrado por su presidenta, la Juez Grana Martínez, el Juez Ronda Del Toro y la Juez Lotti Rodríguez

**Ronda Del Toro, Juez Ponente**

# SENTENCIA

En San Juan, Puerto Rico, a 23 de febrero de 2026.

LUMA Energy, LLC y LUMA Energy ServCo, LLC (en adelante colectivamente, LUMA) solicitan que revisemos la *Resolución Interlocutoria*, emitida y notificada por la Oficial Examinadora del Negociado de Energía de Puerto Rico (Negociado de Energía), el 14 de noviembre de 2025. En la referida determinación, el foro administrativo declaró *No Ha Lugar* la Moción en Cumplimiento de Orden, Reconsideración y en Solicitud de Desestimación que presentó LUMA. En esta, LUMA alego que no se le notificó la querella adecuadamente, por lo que, no se activó la jurisdicción del Negociado de Energía.

Por los fundamentos que exponemos, desestimamos el recurso por falta de jurisdicción por no tratarse de una resolución final sujeta a la revisión de este foro.

**I.**

El 2 de octubre de 2025 la Oficina Independiente de Protección al Consumidor de la Junta Reglamentadora de Servicio Público, (OIPC), en representación de Vilma Pérez Reyes, instó una querella contra LUMA, ante el Negociado de Energía, a tenor con el Reglamento 8863 del 1ro de diciembre de 2016, sobre el Procedimiento para la Revisión de Facturas y Suspensión del Servicio Eléctrico por Falta de Pago. La querella versaba sobre problemas con el servicio eléctrico residencial por fluctuación de voltaje.

Ese mismo, 2 de octubre de 2025, la querellante presentó *Moción Notificando Querella a la Parte Querellada.*[1] En esta, informó que le envió la querella y la citación a LUMA mediante correo electrónico: legal@lumapr.com; PREBOrders@lumapr.com. Aludió que la notificación se efectuó de conformidad con la Sección 3.2A de la Ley 38-2017, según enmendada, el 2 de octubre de 2025.

Más adelante, el 29 de octubre de 2025, la Oficina Independiente de Protección al Consumidor presentó una *Moción Informativa y Solicitud de Anotación de Rebeldía.* En síntesis, alegaron que la querellada no presentó su alegación responsiva en el término de veinte (20 días), que dispone el Reglamento de Procedimientos Adjudicativos, Avisos de Incumplimiento, Revisión de Tarifas e Investigaciones de la Comisión de Energía, Núm. 8543. En consecuencia, solicitaron la anotación de la rebeldía contra LUMA y la continuación de los procesos sin su participación.

En respuesta, 30 de octubre de 2025, el Negociado de Energía emitió y notificó una *Orden* mediante la cual le concedió

---

[1] SUMAC TA, escrito de revisión, anejo parte 3.

a LUMA un término de DIEZ (10) DIAS para mostrar causa por la cual no debía ser declarada en rebeldía.

El 10 de noviembre de 2025, LUMA presentó una *Moción En Cumplimiento De Orden, Reconsideración y En Solicitud De Desestimación.* A grandes rasgos, alegó que no procedía la anotación de rebeldía, toda vez que el Negociado de Energía no había cumplido con el proceso para enmendar su reglamento en cuanto al proceso de notificación de la querella. Además, que la querella no fue notificada conforme a lo dispuesto en la Sección 3.05 del Reglamento 8543, por lo que, requirió que se desestimara la querella.

Evaluado el asunto, el 14 de noviembre de 2025, el Negociado de Energía emitió una *Resolución Interlocutoria*. En esta, la Oficial Examinadora del Negociado de Energía, realizó un recuento de los escritos presentados por ambas partes y sus alegaciones. Además, aludió a la sección 3.05 del Reglamento de Procedimientos Adjudicativos, Avisos de Incumplimiento, Revisión de Tarifas e Investigaciones, en conjunto a la Sección 3.2 A de la Ley de Procedimiento Administrativo Uniforme, según enmendada por la Ley Núm. 16 del 14 de mayo de 2025. Tras ello, declaró *No Ha Lugar* la moción de desestimación que presentó LUMA y le ordenó a presentar su alegación responsiva dentro del término de veinte (20) días, desde la notificación de la resolución allí emitida. Indicó, además, lo siguiente:

> Una parte adversamente afectada por una determinación interlocutoria o parcial emitida por un oficial examinador del Negociado de energía podrá presentar una moción de reconsideración ante el oficial examinador. Sin embargo, las determinaciones interlocutorias o parciales de los oficiales examinadores del Negociado de Energía no son revisables ante el Pleno del Negociado de Energía, ni ante el Tribunal de Apelaciones. […]

En desacuerdo, el 4 de diciembre de 2025, LUMA solicitó Reconsideración al Negociado de Energía.  Como el ente no actuó sobre la solicitud de reconsideración, el 20 de enero de 2026, LUMA presentó el recurso de revisión judicial con el siguiente señalamiento:

> Erró el Negociado de Energía de Puerto Rico al dictar una Orden e instruirle a la Parte Recurrente a presentar su alegación responsiva a la Querella conforme al Reglamento Núm. 8543, en clara violación no solo a la Ley Núm. 16-2025, por no haberse perfeccionado su jurisdicción para atender el asunto, sino también en violación al debido proceso de ley sustantivo y procesal de LUMA

El 9 de febrero de 2026, la Oficina Independiente de Protección al Consumidor de la Junta Reglamentadora de Servicio Público, presentó una *Moción de Desestimación y Alegato en Oposición a Recurso de Revisión Judicial.*

Con el beneficio de los escritos, disponemos.

## II.

## A.

Como es conocido, la jurisdicción es el poder o autoridad con que cuenta un tribunal para considerar y decidir los casos y las controversias ante su consideración. JJJ Adventure v. Consejo de Titulares y otros, 2025 TSPR 123, 216 DPR ___ (2025); Greene et als. v. Biase et als., 2025 TSPR 83, 215 DPR _____ (2025); Vázquez et al. v. DACo, 2025 TSPR 56, 215 DPR _____ (2025); Metro Senior v. AFV, 209 DPR 203, 208-209 (2022); Beltrán Cintrón et al. v. ELA et al., 204 DPR 89, 101 (2020).  A tenor con ello, los tribunales deben ser celosos al constatar su jurisdicción y carecen de discreción para asumirla si no la poseen. JJJ Adventure v. Consejo de Titulares y otros, *supra*; Greene et als. v. Biase et als., *supra*; Allied Mgmt. Group v. Oriental Bank, 204 DPR 374, 386 (2020). Así pues, los asuntos

jurisdiccionales deben ser resueltos con preferencia, pues una sentencia dictada sin jurisdicción es nula y se considera inexistente. JJJ Adventure v. Consejo de Titulares y otros, *supra;* Greene et als. v. Biase et als., *supra*; Metro Senior v. AFV*, supra*, pág. 209.  Por tanto, cuando un tribunal determina que carece de jurisdicción, lo único que puede hacer es declararlo y desestimar el caso en sus méritos. Greene et als. v. Biase et als., *supra*; Beltrán Cintrón et al. v. ELA et al., *supra*, pág. 102.

La Regla 83(B)(1) de nuestro Reglamento dispone que una parte podrá solicitar, en cualquier momento, la desestimación de un recurso bajo el fundamento de falta de jurisdicción del Tribunal de Apelaciones. Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 116, 215 DPR ___ (2025), 4 LPRA Ap. XXII-B 83(B)(1).

## B.

La Ley de la Judicatura del Estado Libre Asociado de Puerto Rico, Ley 201-2003, en el Artículo 4.006 establece la jurisdicción de este foro intermedio apelativo, mediante recurso de revisión judicial, que se acogerá como cuestión de derecho, de las decisiones, órdenes y **resoluciones finales** de organismos o agencias administrativas. […] 4 LPRA 24y (c). Así pues, la revisión judicial es el remedio exclusivo para evaluar una determinación administrativa.

Acorde a lo anterior, la Regla 57 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 80, 215 DPR ___ (2025), establece el término para presentar recurso de revisión de decisiones administrativas, a saber:

> El escrito inicial de revisión deberá presentarse dentro del término jurisdiccional de treinta días contados a partir de la fecha del archivo en autos de la copia de

la notificación de la orden o **resolución final** del organismo o agencia, o a partir de la fecha aplicable cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración, a menos que alguna ley especial aplicable disponga un término distinto. Si la fecha del archivo en autos de copia de la notificación de la resolución u orden es distinta a la del depósito en el correo de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo. 4 LPRA, XXII-B, R. 57.

A esos efectos, la Ley 38-2017, "Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico", (LPAU), Ley Núm. 38-2017, LPAU, 3 LPRA sec. 9601 *et seq.*, provee el trámite que debe seguir la parte afectada para solicitar la revisión judicial de una determinación de un organismo administrativo. Respecto a la revisión judicial, la Sección 4.2 de la LPAU indica que:

Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión judicial ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la Sección 3.15 de esta Ley cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración.[...] 3 LPRA sec. 9672.

La LPAU describe la *orden o resolución* como "cualquier decisión o acción agencial de aplicación particular que adjudique derechos u obligaciones de una o más personas específicas, o que imponga penalidades o sanciones administrativas excluyendo órdenes ejecutivas emitidas por el Gobernador". Sec. 1.3(g) de la LPAU, 3 LPRA sec. 9603(g).

A tenor con la Sección 4.1 de LPAU, el mecanismo de revisión se extiende a "aquellas órdenes, resoluciones y providencias adjudicativas **finales** dictadas por **agencias** o

funcionarios administrativos [...]". <u>Simpson, Passalacqua v. Quirós, Betances</u>, 214 DPR 370, 378 (2024); 3 LPRA sec. 9671. El Tribunal Supremo expresó que eran "las decisiones que ponen fin al caso ante la agencia y que tienen efectos sustanciales sobre las partes". <u>Simpson, Passalacqua v. Quirós, Betances</u>, *supra*; citando a <u>J. Exam Tec. Med. v. Elías et al.</u>, 144 DPR 483, 490 (1997). Esto es, una orden o resolución final resuelve todas las controversias pendientes ante la agencia y supone la culminación definitiva del proceso administrativo. <u>Simpson, Passalacqua v. Quirós, Betances</u>, *supra;* <u>Miranda Corrada v. DDEC et al.</u>, 211 DPR 738, 741–742 (2023) (SENTENCIA); <u>Fonte Elizondo v. F & R Const.</u>, 196 DPR 353, 358 (2016); <u>A.R.Pe. v. Coordinadora</u>, 165 DPR 850, 867 (2005); <u>Crespo Claudio v. O.E.G.</u>, 173 DPR 804, 813 (2008); <u>Comisionado Seguros v. Universal</u>, 167 DPR 21, 28 (2006). Se ha intimado, además, que una orden o resolución final tiene las características de una sentencia en un procedimiento judicial porque resuelve finalmente la cuestión litigiosa y de la misma puede apelarse o solicitarse revisión. <u>Comisionado Seguros v. Universal</u>, *supra*. De ordinario, las decisiones administrativas que no satisfacen este criterio **no son revisables judicialmente**. <u>Simpson, Passalacqua v. Quirós, Betances</u>, *supra*. En sintonía con lo anterior, la LPAU dispone que las decisiones interlocutorias de una agencia, incluso las que se emiten en procesos desarrollados por etapas, no son directamente revisables. <u>Simpson, Passalacqua v. Quirós, Betances</u>, *supra*, págs. 378-379; Sección 4.2 de la LPAU, *supra*.

Se entiende que una *orden interlocutoria* es "aquella acción de la agencia que dispone de un asunto meramente procesal". Sección 1.3(i) de la LPAU, 3 LPRA sec. 9603(i). Las limitaciones del principio de finalidad también se extienden a los dictámenes

parciales que, por definición de la LPAU, son aquellos que adjudican algún derecho u obligación sin poner fin a la controversia total, sino a un aspecto específico de esta. Simpson, Passalacqua v. Quirós, Betances, *supra*, pág. 379; Sec. 1.3(h) de la LPAU, 3 LPRA sec. 9603(h). Véase, además, J. Exam Tec. Med. v. Elías et al., *supra*, pág. 493.

Sin bien es cierto que solo las órdenes y resoluciones finales son susceptibles de revisión por parte de esta Curia, el Tribunal Supremo reconoce una excepción a la norma de finalidad: una situación clara de falta de jurisdicción de la agencia. Comisionado Seguros v. Universal, *supra*, pág. 30; citando a J. Exam. Tec. Med. v. Elías et al, *supra*.  No obstante, no toda alegación de ausencia de jurisdicción va a tener el efecto de liberar a la parte de culminar sus gestiones en la agencia ni implicará una aplicación automática de la excepción. Comisionado Seguros v. Universal, *supra*, págs. 30-31. Sólo en aquellos casos en los que carece realmente de jurisdicción la agencia administrativa, el proceso administrativo se convierte en final por no quedar asuntos o controversias pendientes de dilucidar por la agencia y sólo entonces sería revisable por el Tribunal de Apelaciones. Comisionado Seguros v. Universal, *supra*, pág. 31.

### C.

Mediante la Ley Núm. 16 del 14 de mayo de 2025, (Ley 16-2025) la Asamblea Legislativa entendió pertinente enmendar la Ley 38-2017, LPAU, a los fines de instrumentar de manera eficiente e integral la política pública de utilizar la tecnología en los procedimientos adjudicativos que se llevan a cabo en las agencias, para la presentación de documentos y notificaciones. Ello, a tenor con la Ley 151-2004, conocida como "Ley de Gobierno Electrónico", la Ley 75-2019 conocida como la "Ley de

la Puerto Rico Innovation and Technology Service" y la Ley 148-2006, conocida como la "Ley de Transacciones Electrónicas".

Así, mediante el Artículo 1 de la Ley 16-2025, se añadió la Sección 3.2 A a la Ley 38-2017 para que disponga como sigue:

> Las agencias implementarán el uso de tecnología en los procesos adjudicativos. A esos fines, establecerán mecanismos para que la presentación de querellas, peticiones o solicitudes que realicen los ciudadanos a tenor con las disposiciones de esta Ley, puedan realizarse mediante correo electrónico o cualquier herramienta tecnológica que desarrolle la agencia o el Gobierno de Puerto Rico, y que esté disponible al público libre de costo. Estos mecanismos estarán disponibles para la presentación de otros documentos una vez iniciado el procedimiento adjudicativo.
>
> Del mismo modo, las notificaciones que deben realizarse en los procedimientos adjudicativos conforme a las disposiciones de esta Ley, **podrán realizarse mediante correo electrónico** o cualquier herramienta tecnológica que desarrolle la agencia o el Gobierno de Puerto Rico, y que esté disponible al público libre de costo.

Más adelante, establece que "[t]oda presentación de documentos de querellas, peticiones o solicitudes que realicen los ciudadanos, así como las notificaciones que se expidan en los procedimientos adjudicativos por correo electrónico o cualquier otra herramienta tecnológica, según dispuesto, se considerarán como documentos certificados en su recibo o emisión por la agencia correspondiente." Íd.

La Ley comenzará a regir inmediatamente después de su aprobación.  Artículo 3 de la Ley 16-2025.  A su vez, las agencias adoptaran/ enmendaran o sustituirán la reglamentación que sea necesaria para el cumplimiento de las disposiciones de esta Ley dentro de los noventa (90) días contados a partir de su aprobación. Artículo 2 de la Ley, 16-2025, *supra*.

Es norma reiterada que, "[c]uando la ley es clara y libre de toda ambigüedad, su texto no debe menospreciarse bajo el pretexto de cumplir su espíritu". Artículo 19 del Código Civil de

2020, 31 LPRA sec. 5341. Como corolario, cuando el legislador se ha manifestado con un lenguaje claro e inequívoco, el texto de la ley es la expresión por excelencia de toda intención legislativa. Vázquez et al. v. DACo, *supra*; Spyder Media Inc. v. Mun. de San Juan, 194 DPR 547, 555 (2016).

Por otro lado, el Reglamento 8543 del 16 de enero de 2015, fue creado con el fin de establecer las normas que regirán los procedimientos adjudicativos ante la Comisión de Energía de Puerto Rico. Las reglas allí pautadas serán complementadas con las disposiciones de la Ley de Procedimiento Administrativo Uniforme, según enmendada, y su jurisprudencia interpretativa. Ver Sección 1.03 del Reglamento 8543.

La Sección 3.05, del referido reglamento dispone, de la "Notificación de las Querellas o Recursos mediante los cuales se inicie una Acción o Procedimiento Adjudicativo ante la Comisión".

Es norma asentada que las disposiciones de LPAU desplazan y tienen predominio sobre toda regla de una agencia que sea contraria a ésta. Vistas Health Care v. Hospicio La Fe et al., 190 DPR 56, 66 (2014); López Rivera v. Adm. de Corrección, 174 DPR 247, 254 (2008).

### III.

La parte recurrente LUMA solicita revisión de una Resolución Interlucutoria que emitió el Negociado de Energía. En esta, el foro administrativo concluyó que la querella y la citación fueron debidamente notificadas a LUMA por correo electrónico. En consecuencia, le ordenó a LUMA presentar la alegación responsiva.

En desacuerdo, LUMA acudió ante nuestro foro para que revoquemos la decisión del Negociado de Energía. En síntesis,

alegó que la querella debió ser notificada por correo certificado, a tenor con el Reglamento 8543.

En reacción al recurso, la Oficina Independiente de Protección al Consumidor presentó una *Moción de Desestimación y Alegato en Oposición a Recurso de Revisión Judicial.* En esta adujo que la acción se debía desestimar debido a que el dictamen recurrido era uno interlocutorio. Que no existía una situación de clara falta de jurisdicción de la agencia que nos faculte revisar el dictamen. Ante ello, resulta prioritario auscultar nuestra jurisdicción.

El ordenamiento jurídico, aquí reseñado, establece que el Tribunal de Apelaciones solo tendrá jurisdicción para revisar las órdenes o resoluciones administrativas que sean finales. Ello requiere que culminen los trámites ante la agencia y se disponga de manera final la controversia. Aun cuando existe una excepción a la precitada norma, esta aplicaría cuando la parte demuestre que existe clara ausencia de jurisdicción de la agencia, por tanto, no aplica de manera automática.

En este caso, el Negociado de Energía solo dispuso de un asunto interlocutorio relacionado a si LUMA fue debidamente notificada de la acción incoada en su contra. Revisado el trámite, el Negociado de Energía validó que LUMA fue notificada del procedimiento administrativo, mediante correo electrónico, conforme lo establece la sección 3.2-A de la LPAU. Consecuente a ello, ordenó la continuación del proceso. Con ello, quedó demostrado que el Negociado de Energía sí adquirió jurisdicción sobre LUMA, por lo que el proceso debía seguir.

A todas luces, la resolución de la cual se recurre no se trata de una determinación final que disponga de todas las controversias ante la agencia. Tampoco se configura el criterio,

de la clara ausencia de jurisdicción de la agencia, que nos permita preterir, por vía de excepción, el cause administrativo para evaluar una resolución interlocutoria.

## IV.

Por los fundamentos antes mencionados, se desestima el recurso de revisión, por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones